UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN PAUL WOODRUFF, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>SECRETARY OF VETERAN AFFAIRS, et al.,<br><br>   Defendants. | Case No. 3:23-cv-01043-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO REMAND**<br><br>Re: Dkt. Nos. 6, 17 |

Kevin Woodruff, a plaintiff in this case, has a long history of "serially filing frivolous cases against these defendants to improperly delay a foreclosure despite clear warnings." *Woodruff v. Mason McDuffie Mortg. Corp.*, No. 3:22-CV-03124-WHO, 2022 WL 4487011, at *1 (N.D. Cal. Sept. 12, 2022). That case outlines at least some of his history, including frivolous filings in federal district, bankruptcy, and state courts. *See id.* *2-5. The filings culminated in my finding plaintiff Kevin Woodruff a vexatious litigant and entering a "narrow pre-filing order" against him, imposing prefiling assessment of all suits arising from the particular property against any defendant, to determine "whether the complaint is facially frivolous and comprehensible." *Id.* at *1, 7. The pre-filing review order did not apply to suits filed by current his co-plaintiff, Tanya Stutson, because she was not a party to that case, but I noted that she "has previously filed frivolous cases, and potentially will do so in the future" so she and Woodruff were "caution[ed]" that "if she files future frivolous suits of the same character as a way to get around this order, she too will be sanctioned." *Id.* *7.

This case concerns 2013 Mount Hamilton Dr., Antioch, CA 94531, the same property at issue in the *Woodruff v. Mason McDuffie*. *See* Complaint [Dkt. No. 1] ¶ 15; *see also Woodruff v. Mason McDuffie Mortg. Corp.*, No. 19-CV-04300-WHO, 2020 WL 5210920, at *1 (N.D. Cal.

1   Sept. 1, 2020) (dismissing the case involving that property on the merits and with prejudice). Had

2   this case been filed in federal court, Woodruff's claims would have been dismissed at the pre-

3   filing review stage for frivolousness under the pre-filing review order. But because it was filed in

4   state court and removed by the federal agency defendant, the case was not subject to pre-filing

5   review. In its motion to dismiss, the government defendant provides contextual background for

6   interpreting Woodruff's newest complaint, explaining it stems from a state court judgment in

7   December 2022 against Woodruff in an unlawful detainer action he filed concerning the same

8   property at issue in the previous cases. ("Mot.") [Dkt. No. 6] 4:2-16.

9   This case too shall be dismissed. First, removal was proper under 28 U.S.C. § 1442(a)(1).

10  Under that statute, "suits against federal officers may be removed despite the nonfederal cast of

11  the complaint; the federal-question element is met if the defense depends on federal law" and "the

12  suit is for an act under color of office." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999)

13  (cleaned up) (citing 28 U.S.C. § 1442(a)(3)). "[O]ne of the most important reasons for removal is

14  to have the validity of the defense of official immunity tried in federal court." *Id.* (citation

15  omitted). Here, the government established that the suit is "for" an act under color of office,

16  namely the guarantee of the mortgage. *See id.*; Mot. at 4:2-16. The government's defense of

17  official immunity depends on federal law. Accordingly, removal was proper and Woodruff's

18  motion to remand, Dkt. No. 17, is DENIED.

19  And the case shall be dismissed because the moving defendants assert sovereign immunity

20  as a government agency and agency officers sued in their official capacity. *See Balser v. Dep't of

21  Justice*, 327 F.3d 903, 907 (9th Cir. 2003). There is no indication that immunity was waived, so

22  the defendants are immune and I do not have jurisdiction over the case. *See id.* The motion to

23  dismiss is GRANTED with prejudice because amendment would be futile.

24  Finally, the complaint seems to name other defendants in this case but they were not

25  served and also are not the subject of any comprehensible or nonfrivolous allegations. For the

26  reasons stated in the pre-filing review order, *see Woodruff*, 2022 WL 4487011, at *7, and my

27  previous decision on the merits, *see Woodruff*, 2020 WL 5210920, at *1-8, any remaining case

28

against these defendants is DISMISSED with prejudice.[1]

**IT IS SO ORDERED.**

Dated: May 8, 2023



William H. Orrick
United States District Judge

---

[1] Under Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and so VACATE the hearing scheduled for May 17, 2023.